FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY DAVID SCHAAL, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:17-CV-05121-RHW <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12, 13. Plaintiff Jeremy David Schaal brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his applications for disability insurance benefits and supplemental security income under Titles II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383F.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Schaal's Motion for Summary Judgment.

## I. Jurisdiction

Mr. Schaal filed his applications for disability insurance benefits and supplemental security income on August 21, 2013. AR 203-15. His alleged onset date was amended at the hearing to November 14, 2012, the day after his previous applications for benefits were denied. AR 13. His applications were initially denied on, AR 147-51, and on reconsideration on January 29, 2014, AR 154-59.

Administrative Law Judge ("ALJ") Kimberly Boyce held a hearing on October 6, 2015. AR 32-80. On November 16, 2015, the ALJ issued a decision finding Mr. Schaal ineligible for benefits. AR 13-27. The Appeals Council denied Mr. Schaal's request for review on June 14, 2017, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Schaal timely filed the present action challenging the denial of benefits on August 10, 2017. ECF No. 3. Accordingly, Mr. Schaal's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

Mr. Schaal was 36 years old at the time of his amended alleged disability onset date. AR 25, 203. He has a GED and has attempted some online college courses. AR 44. He is a stay-at-home father to his two children, and his wife works outside the home. AR 42. He has previous work experience as a cook and cashier. AR 25.

//

## V. The ALJ's Findings

The ALJ determined that Mr. Schaal was not under a disability within the meaning of the Act from November 13, 2012, through the date of the decision. AR 26.

**At step one**, the ALJ found that Mr. Schaal had not engaged in substantial gainful activity since November 14, 2012, his amanded alleged onset date (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 16.

**At step two**, the ALJ found Mr. Schaal had the following severe impairments: bipolar disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, substance use disorder, and asthma (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 16-17.

At **step three**, the ALJ found that Mr. Schaal did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 17-18.

At **step four**, the ALJ found Mr. Schaal had the following residual functional capacity: He can perform a full range of work at all exertional levels with the following nonexertional limitations: He can perform work in which concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards are not present. In order to meet ordinary and reasonable employer expectations, the claimant can understand, remember and carry out unskilled, routine, and

repetitive work that can be learned by demonstration and in which tasks to be performed are predetermined by the employer. The claimant can cope with occasional work setting change and occasional interaction with supervisors. He can work in proximity to coworkers, but not in a team or cooperative effort. The claimant can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded. AR 18.

With regard to his previous application, the ALJ had determined Mr. Schaal was unable to perform his past relevant work, which included cook and cashier. AR 25. Here, ALJ Boyce adopted that assessment. *Id.*

At **step five**, the ALJ found that in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Mr. Schaal can perform. AR 25-26. These include a stores laborer, a janitor, and a housekeeper/cleaner. AR 26. The ALJ consulted a vocational expert in making this determination. *Id.*

## VI.  Issues for Review

Mr. Schaal argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly weighing Mr. Schaal's credibility and (2) improperly weighing

the medical opinion evidence and determining his residual functional capacity. ECF No. 12 at 8.

## VII. Discussion

**A. The ALJ properly evaluated Mr. Schaal's credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ first noted an established pattern of substance abuse that undermined Mr. Schaal's credibility. AR 21-22. The record demonstrates that marijuana is a major issue for Mr. Schaal. He was advised multiple times not to use marijuana. AR 45, 646, 665. Mr. Schaal recognized that he was given this advice, AR 45, but the ALJ's finding that Mr. Schaal has made little effort to stop using marijuana is supported by the record as a whole.

Likewise, the record shows a consistent pattern of abusing both prescription and non-prescription medications, such as Benadryl. *See, e.g.,* AR 296, 357, 380, 449, 457, 603-04. This usage often involved behavior intended to hide the usage from his wife or in some cases stealing medications from her. AR 449, 457, 603-04.

While the presence of substance abuse does not automatically undermine his credibility, Mr. Schaal's behavior and attempts to conceal it are relevant to his credibility. *See Smolen,* 80 F.3d at 1284 (ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying"). The ALJ reasoned that the abuse of stimulants in particular may factor into the level of his complaints with focus and concentration and the desire to obtain more medication. AR 21. This is a reasonable interpretation based on the record. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must

uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111.

Likewise, the ALJ found that when Mr. Schaal appropriately took his medications, he saw improvements and his primary difficulty with compliance stemmed from his propensity to abuse his medications. AR 23. This is also supported by the record. *See, e.g.,* AR 409, 412, 561, 665.

The ALJ also noted numerous instances in which Mr. Schaal presented with normal or euthymic mood and affect, despite his subjective symptom testimony. *See* AR 22 (collecting instances in record too numerous to replicate). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ also determined a pattern that when Mr. Schaal presented with depression or anxiety, it was often related to life stressors, such as tension between him and his wife or dental care. AR 558-59, 657-58. Conversely, in instances where he reported better moods, he also reported improved harmony within the home. AR 409, 652, 663. The ALJ's finding that Mr. Schaal's moods were influenced by situational stressors is supported by the record.

Finally, the ALJ emphasized multiple activities of daily living that are inconsistent with Mr. Schaal's subjective symptom testimony. AR 23-24. Despite

his allegations about impaired concentration and focus, he has numerous activities that require significant concentration and focus, such as authoring reviews and articles on comic books, writing an Internet blog, playing the guitar, and cartooning. AR 445, 447, 518, 539, 555. Likewise, his complaints about an inability to get along with people are undermined by hosting out of town guests and visiting bookstores and his own inconsistent reports that he did not have conflicts with anyone but his wife. AR 512, 561.

In sum, the ALJ's findings concerning Mr. Schaal's credibility are supported by the record.

**B. The ALJ erred with regard to some of the medical evidence, but the error was harmless.**

**1. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the

absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Here, Mr. Schaal argues that the ALJ erred by giving significant weight to non-examining doctors Dr. Dan Donahue, PhD, and Dr. Steven Haney, MD, both who provided residual functional capacities. AR 24. Mr. Schaal also takes issue with the ALJ's decision to give little weight to the Global Assessment of Function ("GAF") scores and very little weight to the report from Mr. Schaal's wife, Lynda Schaal. ECF No. 12 at 17-18.

With regard to Drs. Donahue and Haney, Mr. Schaal asserts that they rendered their opinions "after reviewing only a fraction of the record." ECF No. 12

at 18. The ALJ, however, did have access to the full record, and upon review found that Drs. Donahue and Haney's opinions were consistent except in specific areas, for which the ALJ departed and explained her reasons for doing so. AR 24. Merely because these doctors are non-examining does not render their opinions unreliable. *See Andrews*, 53 F.3d at 1041 (when supported by the record, a non-examining doctor's opinion may constitute substantial evidence).

Mr. Schaal also argues that the ALJ should have ordered a consultative examination because of the age of the opinions of these doctors. However, the ALJ is afforded "broad latitude" in determining the necessity of a consultative examination. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). The ALJ reviewed the record as a whole, including but not limited to the opinions of Drs. Donahue and Haney, and there does not appear, nor does Mr. Schaal describe, an inadequate record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (duty to order a consultative examination is triggered by ambiguity or an inadequate record).

The ALJ gave little weight to the GAF scores because they "are not function by function assessments and do not describe specific vocationally relevant functional limitations." AR 25. GAF scores standing alone never control whether a claimant's impairments rise to the level of disability, but they "may be a useful measurement." *Garrison v. Colvin*, 759 F.3d 995, 1102 n. 4 (9th Cir. 2014). A

boilerplate rejection of GAF scores is error when the ALJ fails to articulate specific reasons to reject a doctor's GAF score. *See, e.g., Vanbibber v. Colvin*, 2014 WL 29665 at *3 (Jan. 3, 2014 W.D. Wash.). However, Mr. Schaal has not demonstrated how failure to accept the GAF scores demonstrated harmful error, as GAF scores cannot be used to demonstrate disability in light of the entire record. As no doctor has opined Mr. Schaal to be disabled, and the record supports the ALJ's findings elsewhere, the Court finds that the ALJ's boilerplate rejection of the GAF scores constitutes no more than harmless error.

Finally, Mr. Schaal argues error in the ALJ's decision to give very little weight to the lay witness statement of Lynda Schaal, the claimant's wife. ECF No. 12 at 19-20. Ms. Schaal's testimony is considered an "other source." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 15

Inconsistency with the record is a germane reason to reject other source testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the ALJ noted that Ms. Schaal claimed on the October 2013 functional report that Mr. Schaal did not take care of the children, AR 25, 259, but this is clearly contradicted by the record. Mr. Schaal described himself as a stay-at-home dad. AR 42. Also, in January 2014 when Mr. Schaal reported that he considered leaving the home, his wife expressed concern about who would care for the children, AR 559, contrary to her assertion just months earlier that Mr. Schaal did not care for the children, AR 259. Likewise, Ms. Schaal also stated in the October 2013 functional report that Mr. Schaal does not drive, AR 261, which is also contradicted by the record, AR 43-44, 228. These inconsistencies are germane reasons for which the ALJ rejected the opinion, and the Court finds no error.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3.  The District Court Executive is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 15th day of June, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17